THE PEOPLE OF PUERTO RICO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, Respondent; JOSÉ CASTRO FIGUEROA, Intervener.

No. O-71-199.     Decided May 12, 1972.

*Gilberto Gierbolini, Solicitor General, Juan E. Brunet, Assistant Solicitor General,* for petitioner. *Santos P. Amadeo, Ángel F. Vélez Pozo,* and *Charles H. Juliá* for intervener.

PER CURIAM: A jury found intervener guilty of an offense of grand larceny committed upon appropriating unlawfully, maliciously, and criminally an automobile. Intervener moved for new trial before the trial court on the ground that the verdict was contrary to law and to evidence and that "defendant has discovered new evidence which may favor him, and in effect, is going to favor him, inasmuch as, despite having exercised the utmost reasonable diligence he was unable to discover and present it during the hearing of the cause." The trial court granted the motion for a new trial. We issued the writ to review this decision.

It is known that in a motion for new trial grounded on newly discovered evidence, it is not sufficient for defendant to state under oath that he has exercised the necessary diligence to obtain the evidence and having had knowledge of the new discovered evidence after the trial has been held, but

it is necessary to state which were the steps he took, to enable the court to judge whether he practiced utmost reasonable activity in that sense. *People* v. *León*, 14 P.R.R. 242 (1908); *People* v. *Milán*, 7 P.R.R. 442 (1904). Furthermore, Rule 188 of the Rules of Criminal Procedure, II *Práctica Forense Puertorriqueña* 193, specifically provides, that on moving for new trial upon this ground, "the defendant shall present the new evidence together with his motion in affidavits of the witnesses by whom such evidence is expected to be given."

In the case at bar, the motion for new trial presented by intervener did not comply with any of these requirements. The affidavits were not attached to his motion. As a matter of fact he did not have them. It was after filing the motion that he took steps to obtain them. This is contrary to the provisions of said Rule 188.

On the other hand, in his motion for a new trial, intervener merely limited himself to say that he had discovered new evidence, which, despite his efforts he could not discover them and introduce them during the hearing of the case. Intervener did not state which evidence it was, nor what steps he took, so that the trial court could judge whether or not he exercised the utmost reasonable activity in that sense. Intervener's testimony did not cure this fatal deficiency either. It suffices to reproduce the synthesis which intervener himself made of his testimony in the memorandum which he submitted to the trial court:

"The testimony of defendant José Castro Figueroa, consisted in that the witnesses were unknown to him, that he talked with them once, never saw them again until after the trial had been held, that he saw one in the Sixth Division of the San Juan Superior Court and he reminded him of the automobile case, and he saw the other in Santa Isabel, and also reminded him of the Impala automobile case, and it was then that he remembered this witness. He did not know them, nor their names, or where they lived. He met the other witness, Amador Otero Negrón,

after the trial when he personally went along Canóvanas Street inquiring about the Impala Chevrolet automobile, and this gentleman informed him that in August 1966 he was going to buy that automobile." (Defendant's memorandum of April 30, 1971, p. 4.)

In view of the foregoing, it must be concluded that the trial court erred in granting the motion for new trial.

Judgment will be rendered setting aside the decision granting the new trial and the case will be remanded to the trial court for further proceedings.

Mr. Chief Justice Negrón Fernández took no part in this decision.